UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDRICK S. MAGILL,<br><br>Plaintiff,<br><br>v.<br><br>WICK TOWING, INC., et al.,<br><br>Defendants. | CASE NO. C16-0348JLR<br><br>ORDER GRANTING MOTION TO REMAND |

## I. INTRODUCTION

This matter comes before the court on Plaintiff Fredrick S. Magill's motion to remand the case to Snohomish County Superior Court. (Mot. (Dkt. # 7).) Defendants Wick Towing, Inc., Lindley Wick, and Kenneth Wick (collectively, "Defendants") oppose that motion (Resp. (Dkt. # 13)), and Mr. Magill has filed a reply memorandum

//

//

//

ORDER- 1

(Reply (Dkt. # 15)). Having considered the submissions of the parties,[1] the balance of the record, and the relevant law, the court GRANTS Plaintiff's motion and REMANDS this case to Snohomish County Superior Court.

Mr. Magill, an Alaska resident, filed this case against Defendants, all of whom are domiciled in Washington, in Snohomish County Superior Court on February 11, 2016.[2] (Compl. (Dkt. # 1-2) ¶¶ 1-3.) Mr. Magill alleges that Defendants breached a contract and were negligent in their care of Mr. Magill's ships, the Northland and the Stormy Sea, when those ships were docked at Defendants' facility on the Snohomish River. (*Id.* ¶¶ 1, 4-6, 9-10.) Defendants' breaches, according to Mr. Magill, caused hundreds of thousands of dollars in damages to the two ships. (*Id.* ¶ 5.) On March 8, 2016, Defendants removed this case to this court. (Not. of Removal (Dkt. # 1).) Defendants based removal on diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and maritime jurisdiction under 28 U.S.C. § 1333(1). (*Id.* ¶¶ 10-12.)

Mr. Magill contends that removal was improper and seeks remand and attorneys' fees and costs incurred in litigating the motion to remand. (Mot. at 1.) Mr. Magill's motion is now before the court.

---

[1] None of the parties have requested oral argument, and the court finds it unnecessary. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Proceedings are ongoing in this district in a related case, *Wick Towing, Inc. v. Northland, et al.*, No. C15-1864JLR (hereinafter, "*Wick Towing*"). In that case, Wick Towing has sued the Northland, *in rem*, and Mr. Magill, *in personam*, to eject the Northland from its dock and recover unpaid invoices. *Wick Towing*, Dkt. # 1. Wick Towing filed that case in the United States District Court for the Western District of Washington on November 25, 2015. *Id.*

ORDER- 2

## II. ANALYSIS

### A. Removal Jurisdiction

In general, a defendant may remove to federal court any state action over which a federal district court would have original jurisdiction. *See* 28 U.S.C. § 1441; *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). Under the forum defendant rule, however, an action may not be removed solely on diversity grounds if any one of the defendants is a citizen of the forum state. *Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004); 28 U.S.C. § 1441(b). To remove an action, a defendant must file with the district court a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition to considering the notice of removal, "it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal evidence as determinative of the jurisdictional requirements." *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) (internal punctuation omitted) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690-91 (9th Cir. 2006)).

### B. Mr. Magill's Motion to Remand

Mr. Magill contends that this court lacked original jurisdiction over the subject matter of this case and is thus compelled to remand the case to state court. (Mot. at 1.) Defendants oppose this motion on three grounds: (1) Mr. Magill waived his right to

ORDER- 3

object to removal by appearing in this case (Resp. at 5); (2) the court properly has diversity jurisdiction (*id.* at 5-6); and (3) Mr. Magill is forum-shopping (*id.* at 6-7).[3] The court rejects each of these contentions.

1. <u>Waiver</u>

Defendants contend that Mr. Magill has taken sufficient affirmative action in this case to waive his right to object to the propriety of removal. (Resp. at 5.) Specifically, Defendants identify that Mr. Magill has filed a joint status report and delivered initial disclosures pursuant to Federal Rule of Civil Procedure 26. (*See* JSR (Dkt. # 10); Scheer Decl. (Dkt. # 14) ¶ 2, Ex. A.) However, Mr. Magill filed the motion to remand within the 30 days allotted by 28 U.S.C. § 1447(c)[4] and before filing a joint status report or providing his initial disclosures. (*See* Dkt.) Defendants' waiver argument therefore fails on its facts. Moreover, even if Mr. Magill had taken those actions before moving to remand this case, those actions are not "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988); *see also*

---

[3] Contrary to Defendants' indication in their notice of removal (Not. of Removal ¶ 12), Defendants do not oppose Mr. Magill's argument that because he brings his suit at law, 28 U.S.C. § 1333 does not confer subject matter jurisdiction on this court (Resp. at 5; Mot. at 2 ("Mr. Magill elected to bring his suit against Defendants at law under the general maritime law in Snohomish County Superior Court, pursuant to the 'savings-to-suitors' clause of 28 U.S.C. §1333 (2012), in part to preserve his right of trial by jury.")); *see also Coronel v. AK Victory*, 1 F. Supp. 3d 1175, 1184 (W.D. Wash. 2014) ("28 U.S.C. § 1333 did not convey subject matter jurisdiction to federal courts hearing maritime claims brought at law.").

[4] There is no such time constraint on motions to remand for lack of subject matter jurisdiction under Section 1447(c); however, the Ninth Circuit construes the forum-defendant rule to be procedural—rather than jurisdictional—and thus subject to the 30-day time limitation. *See Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

ORDER- 4

*Barahona v. Orkin*, No. CV 08-04634-RGK (SHx), 2008 WL 4724054, at *3 (C.D. Cal. Oct. 21, 2008) (collecting cases and rejecting the argument that the plaintiff waived the right to remand "by using the Federal Rules when conducting discovery"). Accordingly, the court rejects Defendants' argument that Mr. Magill waived his right to seek remand.

### 2. Diversity

Defendants correctly identify that the parties to this case are completely diverse from one another and more than $75,000.00 is in controversy. (Not. of Removal ¶¶ 10-12; Resp. at 5-6.) Mr. Wick concedes as much but argues that the forum-defendant rule precludes Defendants, all of whom are Washington domiciliaries, from removing a case filed in Washington state court. (Mot. at 1; Reply at 3); 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Defendants concede that they are residents of Washington, and the forum-defendant rule, which Mr. Magill properly raised, therefore acts as a bar to removal on the basis of diversity.

### 3. Forum-Shopping

Finally, Defendants contend that Mr. Magill is forum-shopping and that his claims in this action should properly be filed as compulsory counterclaims in *Wick Towing*. (Resp. at 6-7 (citing Fed. R. Civ. P. 13).) Defendants' characterization of Mr. Magill's claims, however accurate, does not negate the forum-defendant rule or provide another

//

//

basis for removal of Mr. Magill's state court action.[5] Mr. Magill asserts breach of contract and negligence claims against Defendants, which are domiciled in Washington. (*See* Compl.) Accordingly, removal was improper. The possibility that those claims are compulsory counterclaims in *Wick Towing* is irrelevant to the propriety of removal. Accordingly, the court rejects Defendants' argument.

Having concluded that Mr. Magill's objection to removal was timely, unwaived, and meritorious, the court grants his motion to remand the case.

## C. Attorneys' Fees and Costs

Plaintiff moves for attorneys' fees and costs. (Mot. at 4-5); *see* 28 U.S.C. § 1447(c). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005)). Here, removal resulted from Defendants overlooking a bedrock procedural requirement—the forum-defendant rule—and Defendants objecting to what they construe as forum

---

[5] *See* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1418 (3d ed. 2008) ("Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action. . . . Some of these flexible procedures are not available, however, when one of the actions was brought in a state court. . . . [I]f a party asserts a claim in a state court that should be a compulsory counterclaim in an already pending federal action, the federal court cannot enjoin the prosecution of the state proceeding. In this situation the general objective underlying Rule 13(a) of avoiding multiple suits is outweighed by the express statutory policy prohibiting federal interference with the functioning of state judicial systems. The result is that in the absence of voluntary restraint by one of the courts, both the federal and the state actions will proceed toward judgment and the first to reach that point will serve as the basis for asserting a defense of claim or issue preclusion in the action that still is being adjudicated.").

shopping by Mr. Magill. (*See* Resp. at 7 ("Magill's strategy to shop for a forum after he was properly served in a pending action over the same cause and controversy is inappropriate and wastes the resources of both the Court and the litigants.").) Defendants' putative legal basis for removal was contrary to clear law and its argument about forum shopping, without more, is unrelated to the propriety of removal. *See Gardner*, 508 F.3d at 562. The court therefore concludes Defendants lacked an objectively reasonable basis for removal and grants Plaintiff's request for attorneys' fees and costs.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's motion to remand (Dkt. # 7). The court ORDERS that:

1. Mr. Magill submit a letter brief not to exceed two (2) pages and an affidavit detailing his reasonable attorneys' fees and costs no later than seven (7) days from the date of this order;

2. Defendants may, but are not required to, file a responsive letter brief not to exceed two (2) pages no later than ten (10) days from the date of this order;

3. With the exception of the court's determination of reasonable attorneys' fees and costs, pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for Snohomish County in the State of Washington;

4. The Clerk shall send copies of this order to all counsel of record for all parties;

5. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the order of remand to the Clerk for the Superior Court for Snohomish County, Washington;

6. The Clerk shall also transmit the record herein to the Clerk of the Court for the Superior Court for Snohomish County, Washington;

7. With the exception of their letter briefs regarding attorneys' fees and costs, the parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the State of Washington, as may be appropriate in due course; and

8. The Clerk shall CLOSE this case.

Dated this 21st day of June, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 8